IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DIRECTV, INC., )
 )
      Plaintiff, )
 )
      v. )    1:03CV1033
 )
WILLIAM FURR, WILLIAM K. )
ALLEN, BRENT BARNETTE, )
JANNETTS BASS, BARRY V. )
BATEMAN, TRACY BENNETT, )
ALBERT E. BLACK, JAMES )
BOETTCHER, JOYCE HARRISON, )
JON MADDY, JEFFERY )
MITCHELL, and JOSEPH PRYCE, )
 )
      Defendants. )

**RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    This matter came on before the court on August 17, 2005, at the regular Pre-Trial Motions Day in Durham in an unusual posture. First, Plaintiff's case against Defendant JOYCE HARRISON was addressed by the undersigned in a Recommended ruling on Plaintiff's motion for default judgment (docket no. 102). Notwithstanding that Defendant HARRISON had not answered Plaintiff's complaint and notwithstanding that she had not responded to Plaintiff's motion for an entry of default or for a default judgment, she mailed a letter to the clerk in an apparent response to the Recommendation in which she asks of the court, in part, "don't do this judgment." *See* Letter (docket no. 108) In view of this development, the court

set the matter down for August 17 in Durham. Plaintiff appeared through counsel and Defendant HARRISON appeared pro se.

Both Plaintiff and Defendant were heard and Defendant was subjected to under-oath questioning by Plaintiff and by the court. The court followed this procedure because of a plan developed in this district for all DIRECTV cases for the determination of damages after the entry of default (docket no. 86). Thus, although Defendant did not respond to the notice and although she did not object to the Recommendation in the manner that the rules contemplate, she has now been given a hearing on the question of damages. On the basis of the record thus developed, including the hearing record, the court makes the following

RECOMMENDED FINDINGS OF FACT

1. Because a default has been entered against her (docket no. 22), Defendant HARRISON'S liability is established. She is, therefore, *potentially* liable to Plaintiff for the full amount of damages asserted in the complaint, and the court may assess this amount in the absence of mitigating evidence.

2. Nevertheless, because Plaintiff DIRECTV's claim against Defendant is not for a sum certain or for a sum which can by computation be made certain, FED. R. CIV. P. 55 (b)(1), the court has provided for the hearing procedure as noted above, *id.* Rule 55 (b)(2).

3. DIRECTV has proved and Defendant has not denied that, in July 2001, Defendant bought one "Terminator Bootloader" from Digital Source Solutions d/b/a/

DssPro, a business operated by Li Sang. See Notice, etc., Ex. A, ¶¶ 17 & 20 (docket no. 91). Li Sang sold and distributed satellite signal theft devices primarily through several websites. A bootloader is a device that is specifically designed to circumvent DIRECTV's electronic security measures commonly referred to as Electronic Counter Measures (ECMs). See id. at ¶ 22. Defendant, however, has credibly shown that she allowed her credit card to be used by one Timothy McHone, her former tenant, to make this purchase. The purchase was made on the internet using an email address of tmchone@naxs.net. Plaintiff was unable to say that it had sought to establish McHone's liability for his purchase.

4. Defendant presented credible evidence that she had bought the bootloader for another rather than for her personal use. The court credits Defendant's evidence to the effect that she did not benefit personally from the purchase of the bootloader. Last of all, considering that Defendant has identified her former tenant whom she allowed to use her credit card for this purchase, indeed Plaintiff knew of McHone's email address all along, DIRECTV now has that information should it decide to charge that person.

These Recommended Findings of Fact support the following

RECOMMENDED CONCLUSIONS OF LAW

1. In spite of Defendant's showing, she is nevertheless liable to DIRECTV by reason of the entry of default against her.

2. In keeping with an alternative dispute resolution plan which this court has developed by consensus for the expeditious resolution of all DIRECTV cases where

there is no demand for or entitlement to either a bench trial or a jury trial, the court in this case determines that Defendant must pay to DIRECTV the sum of $250.00 for the purchase of the bootloader.[1] In addition, Defendant must pay DIRECTV's attorneys' fees in the amount of $177.46 and costs in the amount of $205.00. Last of all, Defendant should be permanently enjoined from committing or assisting in the commission of any violation of the Cable Communications Policy Act of 1984, as amended, 47 U.S.C. § 605, or committing or assisting in committing any violation of 18 U.S.C. § 2511.

In view of these Recommended findings and conclusions, the Recommendation of June 9, 2005, is HEREBY WITHDRAWN. The clerk is directed to mail the standard notice about objections to both sides.

_____
Wallace W. Dixon
United States Magistrate Judge

August 25, 2005

---

[1] The court acknowledges that Defendant, in various communications with DIRECTV's representatives, has contended all along that she has no liability to DIRECTV. Nevertheless, it is also the case that she has allowed a default to be entered against her. Moreover, she has contended in correspondence to DIRECTV, made available to the court at the hearing, that she did not allow her credit card to be used to buy DIRECTV pirating equipment. See, e.g., Defendant's letter of January 19, 2004, addressed to "Ms. Youngman" at Ellis & Winters, DIRECTV's counsel. Now, however, she has admitted that she allowed Timothy McHone to use her credit card for such a purpose. Perhaps all of this, including this expenditure of scarce judicial resources, could have been avoided if she had been this forthcoming with DIRECTV early on. The amount of the judgment takes into consideration all of these factors.